UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JOE WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>TAMELA KENNEDY, ROGER K. STEWART, and JOHNATHAN R. RUSKOVISH,<br><br>        Defendants. | No. 1: 14-cv-1835-AWI-BAM<br><br>ORDER SCREENING COMPLAINT AND DISMISSING CASE WITH LEAVE TO AMEND (Doc. 1)<br><br>ORDER GRANTING APPLICATION TO PROCEED INFORMA PAUPERIS (Doc. 3)<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Adrian White ("Plaintiff") proceeds *pro se* and in forma pauperis in this civil action. While somewhat unclear, Plaintiff's complaint attempts to appeal a decision denying his state court claims originally filed in the Fresno County Superior Court and appealed to the Fifth District Court of Appeals. The underlying nature of Plaintiff's complaint concerns a 2012 failed legal malpractice suit against Defendant Tamela Kennedy and the Scranton Law Firm for failure to adequately litigate his case against Defendant Johnathan Ruskovish for a 2005 car accident. Plaintiff's Complaint, filed on November 20, 2014, is currently before the Court for screening.

**Request to Proceed without Payment of Fees**

    Plaintiff is proceeding pro se and has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). (Doc. 3). Plaintiff has made the

showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915A(a).  Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*.*"  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding in pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff includes very little detail in his actual complaint, but he incorporates by reference numerous exhibits detailing his various state court filings.[1] Based on these exhibits, it appears that on September 27, 2005, Plaintiff was riding a bicycle across the street when he was hit by a truck driven by Defendant Ruskovish. On November 3, 2005, Plaintiff hired Defendant Tamela Kennedy to handle his case. After some investigation, Defendant Kennedy declined further representation of Plaintiff. Plaintiff filed a suit against Defendant Kennedy and the Scranton Law Firm in the Fresno County Superior court asserting that Defendant Kennedy did not inform him of sensitive deadlines that might result in the dismissal of his case. On February 6, 2012, the Fresno County Superior Court denied Plaintiff's case as barred by the statute of limitations. (Doc. 1 at 39). Plaintiff attempted to appeal that decision to the Fifth District Court of Appeals and the California Supreme Court without success.

In the instant complaint, Plaintiff requests a "*de novo*" review of the "denial of his claims." Plaintiff requests that this court "should and can step in and give and/or grant the relief sought in compensating" Plaintiff for the money he has requested for his underlying vehicle accident. (Doc. 1 at 8).

### DISCUSSION

**A.  Plaintiff's Complaint Fails to Comply with Rule 8**

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim

---

[1] Plaintiff lists his exhibits as "California Supreme Court from the Court Administrator and Clerk of the Supreme Court titled FO7211 White v. Kennedy dated October 27, 2014; Appellate Courts Case information 5th Appellate District; Motion to Accept Requesting De Novo Review to Correct the Errors; Motion Concerning Recalling the Remittur; Superior Court of California – County of Fresno Civil Department – Non Limited; Law and Order Minute Order, Tentative Ruling Case No. 11CECG01661 AMS; Motion to Recall Remittur Court of Appeal Case No. F067211; Motion to Alter or Amend the Judgment authorized under Rule 59 Federal Rule of Civil Procedure in conjunction to writ of mandamus; Fifth Appellate District Case No. F069784 (Fresno County Superior Court No. 11CECG 01661) filed by Court of Appeal Fifth Appellate District; Letter from the Supreme Court of California dated October 27, 2014." (Doc. 1 at 7).

3

plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).

Plaintiff's complaint contains exhibits from Plaintiff's previous state court filings. With respect to the exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Insofar as Plaintiff references exhibits attached to the complaint as the source of the facts underlying this claim, the court notes that these exhibits number nearly 70 pages, and Plaintiff is cautioned that it is not the Court's duty to wade through exhibits to determine whether cognizable claims have been stated. Since Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its resources with attempting to sort out his claims.

Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8. Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to the claim. "Each allegation must be simple, concise, and direct Fed. R. Civ. P. 8 (d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). The function of the complaint is not to list every single fact or attach every document relating to Plaintiff's claims. Accordingly, Plaintiff's claim will be dismissed with leave to amend.

B. <u>**Subject Matter Jurisdiction**</u>

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, Plaintiff's Complaint must establish the existence of subject matter jurisdiction. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594 595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988), (per curiam), *overruled on other grounds in Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991) (en banc). There are two bases for original federal subject matter jurisdiction: 1) federal question jurisdiction and 2) diversity jurisdiction.

**1. Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, the Complaint appears to allege a legal malpractice claim against Defendant Kennedy and a personal injury claim against Defendant Ruskovish. As currently alleged, the Complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, the Court lacks federal question jurisdiction.

### 2. **Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."

Plaintiff has not alleged the parties' citizenship is completely diverse. The Complaint alleges that Plaintiff and defendants are all California residents, which destroys the requisite "complete diversity" in this case. *See Cook v. AVI Casino Enterprises, Inc*., 548 F.3d 718, 722 (9th Cir. 2008), *cert. denied*, 556 U.S. 1221 (2009). Accordingly, this Court lacks diversity jurisdiction.

### 3. *Rooker-Feldman* **Doctrine**

Pursuant to the *Rooker-Feldman* doctrine, Federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied,* 525 U.S. 1041 (1998). A federal court lacks subject matter jurisdiction to review claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-487 and n. 16 (1983); *Olson Farms, Inc. v.*

*Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998); *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) ("Stated plainly, *Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

An appeal of the Fresno County Superior Court decision or the Fifth District Court of Appeals decision cannot be taken in this Court. To the extent Plaintiff seeks to challenge the state court judgments dismissing his original complaint, this Court lacks jurisdiction. Due to Plaintiff's failure to establish that federal question jurisdiction or diversity jurisdiction exists, the Court finds that Plaintiff's Complaint does not allege subject matter jurisdiction, and accordingly, this Court does not have jurisdiction.

**C.     Linkage**

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Plaintiff has failed to allege any action by defendant Roger Stewart which violated Plaintiff's rights. Plaintiff will be granted leave to amend.

**D.     Amendment to the Complaint**

Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual bases for liability against each named defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. *Iqbal*, 129 S.Ct. at 1949-50.

Plaintiff is advised that an amended complaint supersedes all prior complaints, *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint

are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); *accord Forsyth*, 114 F.3d at 1474.  It is unnecessary for Plaintiff to attach voluminous exhibits; he may allege the facts contained therein in simple and concise language.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a cognizable claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **January 7, 2015**              /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE