1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ADRIAN JOE WHITE,                    No.  1:14-cv-1835-AWI-BAM

12            Plaintiff,                   ORDER SCREENING FIRST AMENDED
                                          COMPLAINT AND DISMISSING CASE WITH
13        v.                              LEAVE TO AMEND
                                          (Doc. 1)
14   JOHNATHAN BETTIS RUSKOVISH, *et
     al*.,
15                                         THIRTY-DAY DEADLINE
            Defendants.
16

17                    **I.    INTRODUCTION**

18       Plaintiff Adrian White ("Plaintiff") a state prisoner, proceeds *pro se* and in forma pauperis

19   in this civil action.  In his First Amended Complaint ("FAC"), Plaintiff alleges that Defendants

20   Johnathan Bettis Ruskovish *aka* Joe Lopez, Nancy Lopez, Liberty Mutual Insurance Company,

21   and Gregory A. Williams ("Defendants") are liable to Plaintiff for a 2005 pedestrian involved car

22   accident. For the reasons set forth below, Plaintiff' First Amended Complaint is DISMISSED

23   without prejudice and with leave to amend.

24                    **II.    BACKGROUND**

25       The underlying nature of Plaintiff's FAC concerns a 2005 car accident involving

26   Defendant Johnathan Ruskovish.  On September 27, 2005, Defendant Ruskovish was using his

27   cell phone when he negligently hit Plaintiff with his vehicle as Plaintiff was crossing the street on

28

1

1   his bicycle.  (FAC at 2).  Plaintiff was pinned beneath the vehicle and dragged for some distance

2   causing him to suffer physical injuries.  (FAC at 2).    After the accident, Plaintiff alleges that

3   Defendants Ruskovish, Nancy Lopez, Liberty Mutual Fire and Insurance Company, and Liberty

4   Insurance Agent Gregory A. Williams ("Defendants") conspired to deprive Plaintiff of his

5   rightful compensation for injuries related to the accident.  Accordingly, Plaintiff's FAC alleges

6   that Defendants are "legally liable and responsible" for Plaintiff's medical bills and damages

7   resulting from the car accident.  (FAC at 3).

### III.    SCREENING STANDARD

9        Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

10  complaint for sufficiency to state a claim. Plaintiff's complaint, or any portion thereof, is

11  therefore subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which

12  relief may be granted, or if it seeks monetary relief from a defendant who is immune from such

13  relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

14       A complaint must contain "a short and plain statement of the claim showing that the

15  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

16  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

17  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

18  1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

19  (2007)).    While a plaintiff's allegations are taken as true, courts "are not required to indulge

20  unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)

21  (internal quotation marks and citation omitted).

22       To survive screening, Plaintiff's claims must be facially plausible, which requires

23  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

24  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted);

25  *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility

26  that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short

27  of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks

28  omitted); *Moss*, 572 F.3d at 969.

1

## IV.   DISCUSSION

2

3

The Court must determine whether it has the power to consider the claims alleged within

4

the complaint. Federal courts have no power to consider claims for which they lack subject-matter

jurisdiction. *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986); *see also Vacek v.*

5

*United States Postal Serv*., 447 F.3d 1248, 1250 (9th Cir. 2006) (*citing Kokkonen v. Guardian*

6

*Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994)). The Court has an independent duty to consider its

7

own subject-matter jurisdiction, whether or not the issue is raised by the parties.  *Id.*, and must

8

dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal.*

9

*Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held

10

that a judge can dismiss sua sponte for lack of jurisdiction."). Subject matter jurisdiction to hear a

11

plaintiff's claim must either "arise under" federal law or be established by diversity jurisdiction.

12

28 U.S.C. §§ 1331 and 1332. The burden is on the federal plaintiff to allege facts establishing that

13

jurisdiction exists to hear his claims.

14

### A.      Plaintiff Fails to Plead a Cognizable Federal Claim

15

Plaintiff alleges that his federal constitutional rights were violated when Defendant

16

Ruskovish hit Plaintiff with his car and Defendants Nancy Lopez, Liberty Mutual Fire and

17

Insurance Company, and Agent Gregory A. Williams refused to pay Plaintiff for "his numerous

18

injuries" resulting from the accident.  FAC at 3.  As the Court advised Plaintiff when it dismissed

19

the original Complaint, in order to state a claim for a federal civil rights violation under § 1983,

20

Plaintiff must allege that (1) defendants deprived him of a right guaranteed under the Constitution

21

or a federal statute, (2) while acting under color of state law. The ultimate issue in determining

22

whether a person is subject to suit under a federal civil rights action is whether the alleged

23

infringement of federal rights is fairly attributable to the government. *Rendell-Baker v. Kohn*, 457

24

U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982); *see also Huffman v. Cnty. of L.A*., 147

F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color of law" to

25

be held liable under § 1983). Simply put, § 1983 "excludes from its reach merely private conduct,

26

no matter how discriminatory or wrong." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,

27

50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (citations and internal quotations omitted).

28

Plaintiff's personal injury claim against Defendants—who are private actors—does not allege a violation of Plaintiff's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, a private individual generally does not act under the color of state law, which is an essential element of a Section 1983 claim. *See Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1987); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) ("Whether the actual individual who inflicted the injuries acted under color of state law is often a threshold question. Individuals do, indeed, have a right to be free from state violations of the constitutional guarantees . . . Individuals, however, have no right to be free from the infliction of such harm by private actors."). Therefore, as currently alleged, Plaintiff's FAC does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, the Court lacks federal question jurisdiction.

**B.      Plaintiff Fails to Plead Complete Diversity Jurisdiction**

Subject matter jurisdiction to hear a federal Plaintiff's state law claims may also be established by diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332.

Under 28 U.S.C. § 1332, federal district courts maintain original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between "citizens of a State and citizens or subjects of a foreign state." Here, Plaintiff alleges an amount in controversy of $750,000.00—an amount in excess of the statutory threshold. (Doc. 5 at 1). Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

However, Plaintiff's complaint fails to establish complete diversity of citizenship between the parties. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (emphasis added). Plaintiff is a citizen of California, and it is unclear from the pleadings that all the named Defendants are citizens of foreign states. (*See* Doc. 5, 1-5.) If any Defendant has the same citizenship as the Plaintiff, the Court has no diversity jurisdiction over this matter.

As the First Amended Complaint is currently written, the Court must dismiss Plaintiff's claims for civil damages arising out of Plaintiff's 2005 car accident because it does not have subject matter jurisdiction to hear them. *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001) ("[I]f the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."). Accordingly, this Court lacks diversity jurisdiction.

### C.    Linkage

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Plaintiff has failed to allege any action by Defendant Nancy Lopez which violated Plaintiff's rights. Plaintiff will be granted leave to amend.

### D.    Amendment to the Complaint

Plaintiff will be permitted a final opportunity to file an amended complaint clarifying the factual bases for liability against each named defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. *Iqbal*, 129 S.Ct. at 1949-50.

Plaintiff is advised that an amended complaint supersedes all prior complaints, *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); *accord Forsyth*, 114 F.3d at 1474. It is unnecessary for Plaintiff to attach voluminous exhibits; he may allege the facts contained therein in simple and concise language.

1

**V.     CONCLUSION**

2  Based on the foregoing, it is HEREBY ORDERED that:

3      1.   Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;

4      2.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

5          second amended complaint; and

6      3.   If Plaintiff fails to file a second amended complaint in compliance with this order, this

7          action will be dismissed for failure to obey a court order.

8
9  IT IS SO ORDERED.

10  Dated:   **July 16, 2015**                    /s/ *Barbara A. McAuliffe*            _

11                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28