UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JOE WHITE, <br><br> Plaintiff, <br><br> v. <br><br> JOHNATHAN BETTIS RUSKOVISH, *et al.*, <br><br> Defendants. | No. 1:14-cv-1835-AWI-BAM <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT LEAVE TO AMEND <br><br> FOURTEEN-DAY DEADLINE |

## **INTRODUCTION**

Plaintiff Adrian Joe White ("Plaintiff") a state prisoner, proceeds *pro se* and in forma pauperis in this civil action. In his Second Amended Complaint ("SAC"), Plaintiff alleges that Defendants Johnathan Bettis Ruskovish *aka* Joe Lopez, Liberty Mutual Insurance Company, and Gregory A. Williams ("Defendants") are liable to Plaintiff for a 2005 pedestrian involved car accident. For the reasons set forth below, the Court recommends that this action be DISMISSED with prejudice.

## **BACKGROUND**

Plaintiff alleges that on September 27, 2005, Defendant Ruskovish was using his cell phone when he hit Plaintiff with his truck. Plaintiff was dragged and suffered physical injuries. (SAC at 1.) After the accident, Plaintiff alleges that Defendants Ruskovish, Liberty Mutual Fire

1

and Insurance Company, and Liberty Insurance Agent Gregory A. Williams ("Defendants") conspired to deprive Plaintiff of his rightful compensation for injuries related to the accident. Accordingly, Plaintiff's SAC alleges that Defendants are "legally liable" and "responsible" for Plaintiff's medical bills and damages resulting from the car accident in the amount of $750,000.00.  (SAC at 1.)

## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. Plaintiff's complaint, or any portion thereof, is therefore subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## DISCUSSION

As an initial matter, the Court must determine whether it has the authority to consider the

claims alleged. Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties, *Id.*, and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."). Subject matter jurisdiction to hear a plaintiff's claim must either "arise under" federal law or be established by diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332. The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists.

### A. **Plaintiff Fails to Plead a Cognizable Federal Claim**

Plaintiff alleges that his federal constitutional rights were violated when Defendants Ruskovish, Liberty Mutual Fire and Insurance Company and Agent Gregory A. Williams conspired to deny Plaintiff compensation for his injuries. As the Court advised Plaintiff when it dismissed his original and first amended complaint, in order to state a claim for a federal civil rights violation under § 1983, Plaintiff must allege that (1) defendants deprived him of a right guaranteed under the Constitution or a federal statute, (2) while acting under color of state law. The ultimate issue in determining whether a person is subject to suit under a federal civil rights action is whether the alleged infringement of federal rights is fairly attributable to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Huffman v. Cty. of L.A.*, 147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color of law" to be held liable under § 1983). Simply put, § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations and internal quotations omitted).

Plaintiff's personal injury claim against Defendants—who are private actors—does not allege a violation of Plaintiff's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, a private individual generally does not act under the color of state law, which is an

3

essential element of a Section 1983 claim. *See Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1987); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) ("Whether the actual individual who inflicted the injuries acted under color of state law is often a threshold question. Individuals do, indeed, have a right to be free from state violations of the constitutional guarantees . . . Individuals, however, have no right to be free from the infliction of such harm by private actors.").[1]  Plaintiff has not demonstrated that Defendants--private individuals and entities—were acting under color of state law.  Therefore, Plaintiff's SAC does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, the Court lacks federal question jurisdiction.  Despite repeated opportunities to amend his complaint, Plaintiff has been unable to cure this deficiency.

### B.    Plaintiff Fails to Plead Complete Diversity Jurisdiction

Subject matter jurisdiction to hear a federal Plaintiff's state law claims may also be established by diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332. As noted above, there is no cognizable federal claim to invoke the court's federal question subject matter jurisdiction.  Thus, this Court must determine whether it has diversity jurisdiction to hear Plaintiff's claims.

Under 28 U.S.C. § 1332, federal district courts maintain original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between "citizens of different States."   Here, Plaintiff alleges an amount in controversy of $750,000.00—an amount in excess of the statutory threshold.  (Doc. 7 at 1.)  Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

However, Plaintiff's complaint fails to establish complete diversity of citizenship between the parties. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (emphasis added).  Plaintiff has failed to allege the

---

[1] The Ninth Circuit has held that private actors may act under the color of state law where they have assumed a public function, have taken joint action with the government, acted because of governmental compulsion or coercion, or share a nexus of common goals and ties with the government. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-95 (9th Cir. 2003).

4

citizenship of any of the parties. The Court finds that despite repeated opportunities, Plaintiff has failed to establish complete diversity of citizenship. Further, Plaintiff appears to premise this Court's jurisdiction solely on federal question. (Doc. 7 at 3.) As discussed above, Plaintiff's action does not raise a federal question.

As the Court does not have subject matter jurisdiction, the Court must dismiss Plaintiff's claims for civil damages arising out of Plaintiff's 2005 car accident. *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001) ("[I]f the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED without further leave to amend based on Plaintiff's failure to state a cognizable federal claim and this Court's lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 7, 2015**            /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE